The petitioners seek a dissolution of Collins-Doan Company under the provisions of R.S. 14:13-15 which is as follows:
"Every corporation organized under Title 14 of the Revised Statutes may be dissolved by the decree of the Court of Chancery when it is made to appear that the corporation has an even number of directors who are equally divided respecting the management of its affairs, and that the voting shares of such corporation are equally divided into two independent ownerships or interests and one-half thereof is owned or controlled by persons favoring the course or views of part of the directors, and one-half is owned or controlled by persons favoring the course or views of the other directors, or that *Page 443 
the persons owning or controlling the voting shares are unable to agree on, or vote for, the election of a board of directors consisting of an uneven number, and, in either such event, the holders of shares entitling them to exercise one-half or more of the voting power shall have voted for such dissolution, or shall have agreed in writing thereto, or shall join in filing the petition for dissolution. The petition for dissolution may be filed by one-half of the directors when there is an even number of directors who are unable to agree as to management, if the holders of one-half or more of the shares have voted for or agreed in writing to such dissolution, or it may be filed by the persons holding one-half of the voting shares when such persons are unable to agree with the persons holding the other half of such shares as hereinabove provided. The petition shall be verified by the petitioners or one of them. A schedule shall be annexed to the petition setting forth the name of each shareholder, his address if it is known, or, if it is not known, stating that fact, and the number of shares belonging to him. Such schedule need not be annexed if the petitioner shall state that he is unable to annex a list of such shareholders. Whenever shares, the holders of which are entitled to petition for dissolution, shall be deposited subject to the control of a committee which is authorized by the deposit agreement to represent depositing shareholders with respect to dissolution proceedings, the petition may be filed by such committee or the majority of the members thereof.
"The provisions of chapter thirteen of Title 14 of the Revised Statutes shall be applicable hereto, except so far as they be inconsistent with the provisions hereof. L. 1938, c. 303,p. 697, sec. 1."
The evidence discloses a situation for which the statute provides a remedy. The charter of Collins-Doan Company sets forth that the board of directors of the company shall consist of four members, two being elected by the common stockholders and two by the preferred stockholders. By reason of disagreement between the directors, they being equally divided, the board has not functioned since 1936. Collins, who controls the common stock, has run the business as though it were his own private enterprise. He has set salaries, determined business policies and has taken upon himself the responsibility of deciding that dividends should not be paid, all without authority from the board, which was not consulted. Latterly he moved the business from the plant which it owned to a new location in a building owned by his son. All of these activities may have been, as respondents allege, for the benefit of the company but they were in defiance of the law governing corporate operations and certainly at the expense of the preferred stockholders who have been deprived of dividends. *Page 444 
The petitioners, being one-half of the board of directors, and representing one-half of the stock of the company, seek a dissolution of the company under the provisions of R.S.
14:13-15, and the question arises whether the statute is available to them, the jurisdictional facts being present.
Collins-Doan was organized in 1916, under the provisions of the Corporation Act of 1896. In that statute it was provided that before a corporation could be dissolved by act of the parties, the consent of two-thirds of the stockholders was required. 2C.S. 1619, par. 31, R.S. Title 14:13. Respondent, Collins, argues that upon the formation of Collins-Doan Company, Collins acquired a vested right in the continued existence of the corporation until two-thirds of the stockholders consented to its termination, excluding of course, dissolution for non-payment of taxes or by reason of insolvency, neither of which latter contingencies is involved here. Respondent says that the provision for dissolution is one which affects the rights of the stockholders as between themselves and, therefore, is a provision with which the legislature may not constitutionally interfere. They conclude that it would be an unconstitutional invasion of private rights to apply the provisions of R.S. 14:13-15 to the Collins-Doan Company.
Petitioners, on the other hand, point to 2 C.S. 1600, par.
4, 5, now appearing substantially as R.S. 14:2-8, 9. These two sections as they appeared in the Compiled Statutes are as follows:
"4. The charter of every corporation, or any supplement thereto or amendment thereof shall be subject to alteration, suspension and repeal, in the discretion of the legislature, and the legislature may at pleasure dissolve any corporation.
"5. This act may be amended or repealed, at the pleasure of the legislature, and every corporation created under this act shall be bound by such amendment; but such amendment or repeal shall not take away or impair any remedy against any such corporation or its officers for any liability which shall have been previously incurred; this act and all amendments thereof shall be a part of the charter of every corporation heretofore or hereafter formed hereunder, except so far as the same are inapplicable and inappropriate to the objects of such corporation."
Petitioners argue that by virtue of the statutory provisions quoted above R.S. 14:13-15 is as much a part of the original *Page 445 
charter as though it had been in existence when Collins-Doan Company was formed. They urge that R.S. 14:13-15 is applicable to the Collins-Doan situation.
Section 4 of the Corporation Act of 1896, now R.S. 14:2-9, frequently has been the subject of consideration by the courts of this state. And it is now the settled law of the State that the right to amend, alter or repeal charters extends only to the modification or destruction of rights as between the State and the corporation, but that the rights of the stockholders intersese can in no respects be impaired except in so far as impairment may result from an alteration required by the public interest. Berger v. U.S. Steel Corporation, 63 N.J. Eq. 809. In that case, however, in commenting on section 5, now R.S.
14:2-8, the court directed attention to the broad language of the section, and said that it was difficult to see how any substantial force could be accorded to the section unless some amendments could be made which might affect the rights of stockholders inter sese to some extent. What the limitation upon the legislative power was the court declined to say since such a determination was not necessary to the decision of the case before it.
Undoubtedly there may be changes so radical that underlying and fundamental principles will not permit the legislature to reserve to itself a right to make them. Whether any change comes within the prohibited class is a matter for determination when the question arises. Berger v. U.S. Steel Corporation, supra.
As has been said so often, corporations are creatures of the State and exist by the grace of the Legislature. The power which gives life to a corporation with the grant of a charter may terminate the corporate existence by a repeal of that charter. That same power may set the conditions under which the privilege of corporate existence shall be granted; the duration of the privilege and the circumstances under which it shall be terminated. All these things are matters of public concern to be determined by the Legislature. They are not affected by private negotiations between the parties. No private rights to their continued existence unchanged *Page 446 
can arise. It is for the legislature, acting in the public interest, to say when the conditions shall be changed. And in the corporation acts the Legislature has clearly reserved to itself the right to make changes when the public welfare requires them.
I am unable to agree that Mr. Collins acquired a vested right to have continued a corporation which, by reason of the irreconcilable differences of the evenly divided board of directors, only functions by disregarding the laws governing corporate activities. The Legislature, by the passage of R.S.
14:13-15, has said, in effect, that it is not in the public interest to permit such a situation to continue and has, in the act, provided a cure. Such action was within the power of the Legislature, and by virtue of the provisions, 2 C.S. 1601,par. 5, R.S. 14:2-8, the statute is applicable to the Collins-Doan Company.
There will be a judgment for the dissolution of the company in accordance with the provisions of R.S. 14:13-15